UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| MIKE LAIRSEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:09-67-JMH |
| ) | |
| v. ) | |
| ) | |
| JIM FIGUERADO, et al., ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Plaintiff's Motion to Alter, Amend or Vacate Summary Judgment [Record No. 45], in which Plaintiffs argue that the Court erred in determining that the sale of shares in a limited liability company which has a leasehold of real property as one of its principal assets constitutes a real estate brokerage such that an individual who negotiates the deal for another must be licensed by the Kentucky Real Estate Commission in order to recover a commission.[1]  Defendant Figuerado has

---

[1] Plaintiff also argues that the Court should alter or amend its decision that any unwritten agreement to form a partnership or joint venture by Plaintiff and Defendant Figuerado would be unenforceable by virtue of the application of the Statute of Frauds because it would have been concerned with an agreement for payment or compensation for assisting another in the sale or lease of property, even though that leasehold was an asset of a limited liability company, shares of which were to be purchased.

responded [Record No. 48], stating his objection to the Motion, and Plaintiff has filed a Reply in further support of their Motion [Record No. 51]. The Court being sufficiently advised, Plaintiff's Motion is now ripe for consideration.

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) should be granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir. 1992)).

In his Motion, Plaintiff does not argue that there has been a change in the law or that there exists newly discovered evidence.

---

Specifically, Plaintiff seeks this relief on the grounds that an agreement to form a partnership or joint venture need not be in writing. However, this argument depends upon the success of Plaintiff's argument that the Court erred in concluding that the transaction which was the basis of any agreement was sufficiently concerned with real estate to warrant the application of the Statute of Frauds. As the Court has determined to deny that relief, as stated in the body of this Memorandum Opinion and Order, Plaintiff's request for relief on this ground will be denied, as well.

Rather, Plaintiff would have this Court conclude that it committed a clear error of law.  Plaintiff has, however, done nothing more than revisit its earlier arguments and attempt to introduce something new to the mix.  While the Plaintiff argues that the Court erred in reaching the conclusion that STG's leasehold of the waterfront property on which the marina was located was a principal asset of STG, he challenges for the first time whether the leasehold was a principal asset of STG his Motion to Alter or Amend and supports this argument with evidence that was, apparently, in existence and in his possession at the time Plaintiff filed his Response to Defendant Figuerado's Motion for Summary Judgment.[2]  In the Court's mind, this is too little, too late.

Having considered the pleadings, the Court concludes that Plaintiff wishes only to reargue its motion before this Court and, perhaps, to reinforce his arguments *post hoc* without any reason or excuse for his failure to have presented at an earlier time the evidence which he now wishes to present.  The Court declines the invitation to consider it at this late date.  At the end of the day, this matter is ready for appeal, if Plaintiff wishes to pursue the matter further.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Alter,

---

[2] Plaintiff argues that, at most, the value of the leasehold was .088 per cent of the total book value of the net book value of STG.

Amend or Vacate Summary Judgment [Record No. 45] shall be, and the same hereby is **DENIED.**

This the 7th day of October, 2010.

